IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RUFUS A. THOMPSON, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-783 |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Sharp |
| ) | |
| Respondent. ) | |

## ORDER

Presently before the Court is a motion filed by petitioner Rufus B. Thompson, III, styled "Petition for Relief from Judgment under Fed. R. Civ. P. 60(b)(6)" (ECF No. 19). For the reasons set forth herein, the Court finds that the "petition" must be construed as a second or successive motion under 28 U.S.C. § 2255 over which this Court lacks jurisdiction in the absence of authorization from the Sixth Circuit to consider it. Accordingly, the document will be transferred to the Sixth Circuit to be considered as a motion for authorization to file a second or successive § 2255 petition in this Court.

### I.  Procedural Background

Thompson was convicted by a jury in March 2002, after an eight-day trial before the Honorable Robert Echols here in the United States District Court for the Middle District of Tennessee, on multiple counts arising from the fire-bombing of two residences in Nashville, Tennessee. He was sentenced to five consecutive terms of life imprisonment plus an additional thirty years, and a five-year term of supervised release. He was also ordered to pay restitution in the amount of $147,996.29 and a special assessment of $1,600.00. Thompson challenged his conviction and sentence on direct appeal. The Sixth Circuit rejected his claims and affirmed the convictions and sentence in March 2004. *United States v. Thompson*, 361 F.3d 918 (6th Cir. 2004). In October 2004, the Supreme Court denied Thompson's petition for a *writ of certiorari*.

On October 5, 2005, Thompson filed a timely § 2255 motion arguing that (1) defense counsel was ineffective for failing to object to the admission of coerced and unduly prejudicial testimony, which resulted in a constitutionally unfair trial; and (2) Thompson was entitled to resentencing in light of the

Supreme Court's holding in *United States v. Booker*, 543 U.S. 220, 255 (2005), that the Constitution requires that any fact which increases a federal defendant's sentence beyond the maximum sentence authorized by the facts established by a plea or jury verdict must be admitted by the defendant or proven to a jury beyond a reasonable doubt. Judge Echols denied the petition; Thompson appealed and in September 2006 the Sixth Circuit dismissed the appeal for failure to prosecute. This matter was closed at that time.

Now, nearly five years later, Thompson has filed this new motion, purportedly under the authority of Rule 60(b)(6) of the Federal Rules of Civil Procedure. In this motion, he seeks relief from his lengthy sentence in light of the "implied retroactive interpretation of 18 U.S.C. § 924(c)(1)(B)(ii)" purportedly pursuant to *United States v. O'Brien*, 130 S. Ct. 2169, 2178 (2010). As best the Court can ascertain, it appears that Thompson is alleging that his sentence was enhanced as a result of the judge-found fact that he employed explosive devices (Molotov cocktails) to commit the crimes at issue, in contravention of the Supreme Court's recent reaffirmation in *O'Brien* that the type of firearm used to commit a crime under 18 U.S.C. § 924 is not a sentencing factor but an element of the crime to be proved to the jury beyond a reasonable doubt. *See also Castillo v. United States*, 530 U.S. 120 (2000) (reaching the same conclusion under the pre-1998 version of 18 U.S.C. § 924). Thompson maintains that the Supreme Court implied in *O'Brien* that its holding therein should apply retroactively. He further asserts that he "only challenges the integrity of the 2255 proceedings because of the applicable change in decisional law under 18 U.S.C. § 924(c)(1)(B)(ii) and other special ineffective assistance circumstances, that affected claim II in the above-styled cause tremendously." (ECF No. 1, at 4.)[1]

**II.     The Present Motion**

The threshold question presented by Thompson's motion is whether, although it is styled as a Rule 60(b) motion, it must be construed as a second or successive petition under § 2255 over which this Court lacks jurisdiction.

As the Supreme Court has recognized, Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud,

---

[1] Petitioner's original § 2255 petition, although it raised a *Booker* argument, did not specifically address whether the type of firearm used to commit the offenses of conviction was found by the jury or the judge.

mistake, and newly discovered evidence." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b)(6), under which the present motion is purportedly brought, permits reopening when the movant shows "any . . . reason that justifies relief from the operation of the judgment" other than those set forth in Rule 60(b)(1) through (5). The Sixth Circuit has held that Rule 60(b)(6), the "catch-all provision," "permits a court to grant relief from a judgment or order 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Braggs v. Perez*, 42 F. App'x 678, 680 (6th Cir. 2002) (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

The "judgment" from which relief may appropriately be sought under Rule 60(b), in the present context, is the ruling on the prior habeas petition itself. That is, a Rule 60(b) motion would be appropriate to "attack[] . . . some defect in the integrity of the [prior] federal habeas proceedings." *Gonzales*, 545 U.S. at 532. A motion that, for instance, "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"—should not be construed as a second or successive habeas petition. *Id.* at 532 n.4. However, "[w]here a Rule 60(b) motion presents a 'claim,' such as an attack on an earlier decision on the merits or a claim presented for the first time in the Rule 60(b) motion, it is properly considered a second or successive habeas motion." *Hourani v. United States*, 239 F. App'x 195, 197 (6th Cir. 2007) (citing *Gonzales*, 545 U.S. at 532).[2] In short, new claims that challenge the underlying conviction or sentence or "the substance of the federal court's resolution of a [prior habeas] claim on the merits" are not appropriately brought under Rule 60(b). *Gonzales*, 545 U.S. at 532.

In *Gonzales*, the Supreme Court specifically referenced "a motion [that] contend[s] that a subsequent change in substantive law is a 'reason justifying relief' from the previous denial of a [habeas] claim" as an example of a motion that, though labeled as a 60(b) motion, is more properly construed and treated as a successive habeas petition. *Id.* at 531 (quoting Fed. R. Civ. P. 60(b)(6); citing *Dunlap v. Litscher*, 301 F.3d 873, 876 (7th Cir. 2002)). Thompson here is arguing that recent Supreme Court precedent must be applied retroactively to his case to substantially reduce his sentence. Under *Gonzales*, this argument can only be construed as a "claim" (whether a claim that the original denial of his

---

[2] Although the *Gonzales* Court limited its holding to petitions under § 2254, the Sixth Circuit has applied the Supreme Court's rationale to § 2255 motions as well. *In re Nailor*, 487 F.3d 1018, 1022–23 (6th Cir. 2007).

petition was in error or an entirely new basis for relief) and not as an attack on the integrity of the prior habeas proceedings.[3]

Pursuant to § 2255,

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Under that provision, this Court lacks authority to decide the present motion because the United States Court of Appeals for the Sixth Circuit has not approved its filing. The Sixth Circuit has instructed the district courts to transfer to the Sixth Circuit any second or successive petition for habeas relief or § 2255 motion filed in the district court without authorization, pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also Hourani*, 239 F. App'x at 198 (indicating *Sims* applies where the motion is styled as a Rule 60(b) motion but construed as a second or successive § 2255 motion).

Because Thompson's motion cannot be filed in this Court without permission from the Sixth Circuit, the Clerk of Court is hereby **DIRECTED** to transfer this motion, consisting of ECF No. 19, to the United States Court of Appeals for the Sixth Circuit to be considered as a motion for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2255(h), 2244(3)(A).

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge

---

[3] Construed very liberally, the motion might potentially also be read to state a claim for ineffective assistance of counsel based on counsel's failure to raise this argument before the district court at the time of sentencing or on direct appeal. This would also be a new "claim."